JUSTICE TRIEWEILER,
specially concurring:
I concur with the result of the majority’s opinion. However, I do not agree with all of the majority’s conclusions.
I specifically disagree with the conclusion that the government may send an agent into a private citizen’s home and secretly tape *11 record a conversation with that citizen without his knowledge or permission and without a duly-issued warrant.
I do not agree with the majority’s conclusion that a person’s privacy can be invaded to that extent without violating Mont. Const, art. II, §10.
I agree with this Court’s prior decision in State v. Brackman (1978), 178 Mont. 105, 582 P.2d 1216, and Justice Hunt’s dissent in State v. Brown (1988), 232 Mont. 1, 755 P.2d 1364, wherein he made the following observation regarding the right to privacy in Montana:
“The majority feels constrained by the decisions of the United States Supreme Court. But this state, through the adoption of the right to privacy provision of our state constitution, has elected to give Montana citizens even greater guarantees of privacy than the federal constitution gives. Why the majority chooses to ignore this explicit guarantee puzzles me ....
“The decision made today is indeed a sad one for the citizens of the state of Montana. The majority may have unwittingly opened the doors for the erosion of any protection the privacy clause gives individuals of this state. The result may be required by the current posture of federal law but it certainly was not intended by the framers of our state constitution.”
Brown, 755 P.2d at 1372 (Justice Hunt dissenting).
Even though I conclude that the secretly taped conversation of the defendant in his own home violated his constitutional right to privacy under our State Constitution, I would affirm his conviction. Section 46-20-701(2), MCA, provides that “[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.”
I read the entire transcript of the conversation that was secretly recorded in the defendant’s home. It is basically an innocuous conversation during which the defendant and his wife were asked to submit to a polygraph examination. There were no remarks which reflected in any way on the defendant’s guilt or innocence.
Therefore, even though I would exclude the results of a secretly taped conversation in a person’s home, I conclude that there was no prejudice to the defendant from the admission of this statement in this case.
For these reasons, I concur in the majority’s decision to affirm the judgment of the District Court.